# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATTHEW P. AYLWARD,<br><br>              Plaintiff,<br>v.<br><br>BRIAN THIES,<br><br>              Defendant. | 3:09-cv-1004 (CSH) |

## RULING ON MOTION TO DISMISS

<u>HAIGHT</u>, Senior District Judge:

On October 13, 2010, the Court granted absent objection Defendant's Motion to Compel Deposition of Plaintiff. [Doc. 23] In so doing, the Court stated:

> On six occasions, beginning on November 24, 2009, and most recently on August 17, 2010, Defendant has noticed Plaintiff's deposition and Plaintiff either failed to appear, or Plaintiff's counsel canceled said deposition on the basis that he could not locate his client. The discovery deadline is November 1, 2010, with Plaintiff's deposition being the only discovery item remaining. **Therefore, Plaintiff is ordered to sit for his deposition prior to November 1, 2010, failing which the case may be dismissed with prejudice as a sanction for Plaintiff's failure to make himself available to be deposed.** Plaintiff's counsel is ordered to immediately send a copy of this Order to Plaintiff's last known address.

[Doc. 24] (emphasis added). Thereafter, Defendant noticed Plaintiff's deposition for October 28, 2010, and Plaintiff again failed to appear.

Defendant now moves pursuant to Federal Rule of Civil Procedure 37 that the complaint be dismissed with prejudice as a sanction for Plaintiff's non-compliance with the Court's order and failure to permit himself to be deposed. [Docs. 25 & 26] Plaintiff, through counsel, responds, "The allegations of the defendant's motion to dismiss are correct. The plaintiff has refused to respond to any of the many attempts by his undersigned counsel to contact him or to

persuade him to attend his depositions." [Doc. 27]  The case cannot proceed absent Plaintiff's participation, and Plaintiff has been warned of such.

Therefore, Defendant's Motion to Dismiss [Doc. 25] is GRANTED, and the case is dismissed with prejudice as a sanction for Plaintiff's repeated failure to appear for deposition and non-compliance with the Court's order that he do so.  The Clerk shall close the case.

It is SO ORDERED.

Dated: New Haven, Connecticut

February 9, 2011

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge